UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| **BROCK FELT,** | § | |
| Plaintiff, | § | **CIVIL ACTION NO.** 8:06cv 867-717 MAP |
| **v.** | § | |
| | § | |
| **LIFE WITHOUT LIMITS, INC.,** | § | |
| Defendant, | § | **JURY DEMAND** |
| **and** | § | |
| | § | |
| **MARK BECK,** | § | |
| Defendant, | § | |
| **and** | § | |
| | § | |
| **JASHIN HOWELL** | § | |
| Defendants, | § | |
| **And** | § | |
| | § | |
| **TANYA HOWELL** | § | |
| Defendant, | § | |
| **And.** | § | |
| | § | |
| **AGENTS CHOICE GLASS, LLC,** | § | |
| **A/K/A AGENTS CHOICE, LLC, D/B/A** | § | |
| **MARQI FITNESS** | § | |
| Defendant, | § | |
| | § | |
| **And** | § | |

**HEALTH & WELLNESS
SOLUTIONS, LLC,**
Defendant,

**And.**

**NLITEN INTERNATIONAL, LLC,**
Defendant.

## COMPLAINT

Plaintiff Brock Felt, by and through his undersigned counsel, files this complaint pursuant to the Federal Rules of Civil Procedure against Defendants, Life Without Limits, Inc., Mark Beck, individually, Jashin Howell, individually, Tanya Howell, individually, Agents Choice Glass, LLC, a/k/a Agents Choice, LLC, d/b/a Marqi Fitness, Health & Wellness Solutions, LLC and NLiten Fitness, LLC states as follows:

### PARTIES

1.     Plaintiff, Brock Felt (hereinafter "Felt") is a natural person residing in the State of Florida.

2.     Defendant, Life Without Limits, Inc. (hereinafter "LWL") is a corporation formed under the laws of Arizona and has its principal place of business in Arizona. *See attached Exhibit "1"*. Upon information and belief, at all times relevant hereto, Defendant, LWL has had substantial contacts in Florida.

3.     Defendant, Mark Beck (hereinafter "Beck") is a natural person who resides in Cache County, Utah. Upon information and belief, at all times relevant hereto, Defendant, Beck has had substantial contacts in Florida.

4.     Defendants, Jashin Howell is a natural person residing in Maricopa County, Arizona. Upon information and belief, at all times relevant hereto, Defendant, Jashin Howell

5.     Defendant, Tanya Howell is a natural person residing in Maricopa County, Arizona. Upon information and belief, at all times relevant hereto, Defendant, Tanya Howell has had substantial contacts in Florida.

6.     Defendant, Agents Choice Glass, LLC a/k/a Agents Choice, LLC d/b/a Marqi Fitness (hereinafter "Agents") is an Arizona limited liability company with its principal place of

business in Arizona. *See attached Exhibit "2"*. Upon information and belief, at all times relevant hereto, Defendant, Agents Choice has conducted substantial business in Florida.

7.     Defendant, Health and Wellness, LLC (hereinafter "H & W) is a Utah corporation that is registered as an Arizona limited liability company with its principal place of business in Arizona. *See attached Exhibit "3"*. Upon information and belief, at all times relevant hereto, Defendant, Health & Wellness, through its managing members, Defendant, Jashin Howell and Defendant, Beck, has conducted substantial business in Florida.

8.     Defendant, Nliten, LLC (hereinafter "NLiten) is an Arizona limited liability company with its principal place of business in Arizona. *See attached Exhibit "4"*. Upon information and belief, at all times relevant hereto, Defendant, Nliten has conducted substantial business in Florida.

## JURISDICTION AND VENUE

9.     This is an action arising under the Lanham Act, 15 U.S.C. § 1125(a).

10.     This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

11.     The Court has subject matter jurisdiction over the plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367(a).

12.     Defendants, LWL, Mark Beck, Jashin Howell, Tanya Howell, Agents Choice, Health & Wellness and NLiten are subject to the personal jurisdiction of this Court because, among other things, upon information and belief, at all times relevant hereto, each is an individual and/or entity that has had substantial contacts in Florida.

13.     In addition, all Defendants are subject to the personal jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this litigation occurred in the State of Florida.

14.     In addition, all Defendants are subject to the personal jurisdiction of this Court because, among other things, all of the Defendants are subject to Florida's long-arm statute.

15.     In addition, all defendants are subject to the personal jurisdiction of this Court because, among other things, upon information and belief, each of the Defendants has transacted or is presently transacting business in the State of Florida by: (a) providing Internet users access to its Florida-based web sites; (b) contracting with, or attempting to contract with, Florida residents for the sale of goods, including the sale of nutritional supplements on its Florida-based Internet web sites; (c) selling or attempting to sell goods or services to residents of the State of Florida; and/or (d) committing tortuous acts in the State of Florida.

16.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and because all of the Defendants are subject to personal jurisdiction in this district and because diversity of citizenship exists as between Plaintiff, Felt and all of the Defendants and because the amount in controversy exceeds the minimum jurisdictional limits of $75,000.

## GENERAL FACTS

17.   Plaintiff, Felt is engaged in various business activities related to the development and sale of products and services, including nutritional supplements. At all times relevant hereto, Plaintiff markets his products through a variety of channels, including the Internet, through distributors, and through retailers.

18.   At all times relevant hereto, Plaintiff, Felt's goods and/or services were sold in interstate commerce.

19.   Defendants' actions and/omissions complained of in this Complaint affect interstate commerce.

20.   Plaintiff, Felt has invested substantial sums of money in order to research and develop nutritional supplements and to market and advertise the same.  In the course of that long-standing and ongoing effort, Plaintiff has developed substantial good will in the marketplace and as between Plaintiff and the suppliers of goods and services as well as distributors, retailers, and consumers.

21.   Plaintiff, Felt has been careful, skillful and meticulous in the conduct of his nutritional supplements sales and business activities.

22.   As a consequence, and as a result of the substantial sales and expense of advertising and promotion of the plaintiff's nutritional supplements, products sold by Plaintiff have acquired a fine reputation and are famous among previous and prospective purchasers.

## FACTS COMMON TO ALL COUNTS

23.   By way of an agreement dated March 16, 2005, Plaintiff and Defendants agreed to do business under the name of Agents Choice Glass, LLC dba Marqi Fitness. *See attached Exhibit "5"*.

24.     As owners of Agents, Plaintiff, Felt, and Defendants, Jashin Howell, and Beck sold herbal-based products, including Nitetrim and BetaFuel, by way of online marketing.

25.     At all times relevant hereto, Plaintiff, Felt performed all web development in Florida and all domain names that were maintained by Agents for marketing purposes were registered in Florida. In fact, at all times relevant hereto, the domain name used for Defendant, Agents Choice d/b/a Marqi Fitness, was registered in Florida.

26.     At all times relevant hereto, Plaintiff, Felt developed and registered intellectual property in Florida on behalf of Defendant, Agents Choice, Plaintiff, Felt in concert with Defendants, Jashin Howell and Beck established and maintained offices in Florida and all of the groundwork for the development of Defendant' Agents Choice was performed in Florida.

27.     At all times relevant hereto and pursuant to their original agreement attached hereto as Exhibit "5", Plaintiff, Felt owned 60% of Agents and Defendants, Jashin Howell and Beck owned 20% of Agents, respectively. Between May 24, 2005 and September 23, 2005, Defendants, Jashin Howell and Beck failed or refused to send the money that was owed to Plaintiff, Felt in Florida pursuant to the terms set forth in Exhibit "5" attached hereto.

28.     At all times relevant hereto, Plaintiff, Felt was acknowledged to be and was also the sole owner of Defendant, Agent's customer database and Defendants, Jashin Howell and Beck had agreed that neither Defendant, Jashin Howell nor Defendant, Beck would market or sell any products besides Nitetrim and BetaFuel to existing customers of Plaintiff, Felt during or after the termination of the relationship.

29.     At all times relevant hereto, Defendants, Jashin Howell, Tanya Howell and Beck set about to convert profits and property of Plaintiff, Felt for their own use and enjoyment.

30.     At all times relevant hereto, Defendants, Jashin Howell, Tanya Howell and Beck, wrongfully and improperly converted profits and property of Plaintiff, Felt, for their own use and enjoyment which enabled the Defendants to establish new business ventures that Defendants are enjoying on an ongoing basis at the expense of Plaintiff, Felt.

31.     Defendants, Jashin Howell, Tanya Howell and Beck used Defendants, LWL and Agents Choice Glass, LLC as agents or joint tortfeasors in their scheme against Plaintiff, Felt ignoring Plaintiff, Felt's status as a co-owner of Defendant, Agents and ultimately wrongfully removing Plaintiff, Felt altogether as a registered principle owner of Defendant, Agents in favor of Defendant, Tanya Howell without cause and without compensation. See Exhibit "6".

32.     Defendants, Jashin Howell, Tanya Howell and Mark Beck, inter alia, converted Felt's customer lists, websites, web content, customers and profits as well as Plaintiff, Felt's ownership interest in Defendant, Agent's Choice and other proprietary information for their own use and benefit.

33.     Defendants failed or refused to give proper attribution or notice of the true ownership rights in the copyrighted advertising, websites, or trademarks during their scheme to convert Felt's property and profits. Rather, Defendants' websites stated or inferred that they were the owner of all copyright and trademark rights in the advertisements and trademarks that appeared on Defendants' respective websites.

## COUNT I
## CYBERSQUATTING

34.     Plaintiff incorporate the allegations of paragraphs 1 through 33 of this complaint as if the same fully set forth at length herein.

35.     Defendants diverted customers and potential customers of Felt to their websites by using Internet domains which are identical to or confusingly similar to Felt's Internet

domains. For example, Defendants used the name Marqi Nutrition for a credit card merchant account name that is confusingly similar or identical to Marqi Fitness, a domain name owned by Plaintiff.

36.    At various times, when any of Felt's URLs were typed into an Internet browser, the browser automatically redirected the user to the Defendants' sites because of Defendants' use of "metatags" to divert such traffic.

37.    Defendants' websites sell products that compete with, are identical to, or are, in fact, Plaintiff Felt's products.

38.    Defendants' acts were malicious, intentional and for the purpose of harming Plaintiff.

39.    Plaintiff has suffered economic harm as a direct result of the acts of the Defendants.

**COUNT II**
**UNFAIR COMPETITION UNDER SECTION 43 OF THE LANHAM ACT**

40.    Plaintiff incorporate the allegations of paragraphs 1 through 39 of this complaint as if the same fully set forth at length herein.

41.    Despite termination of their authority to do so, Defendants continued to use Plaintiff, Felt's marks in advertising without notification to the public as to the fact that Plaintiff, Felt was the true owner and /or licensee. Defendants used Plaintiff, Felt's copyrighted material as content for their websites without notification to the public as to the fact that Plaintiff, Felt was the true owner and/or licensee.

42.    The Defendants, in fact, used Plaintiff's marks in advertising, in offering for sale, and selling products with knowingly false notification to the public that the Defendants, respectively, were the owners of the marks.

43.     The actions of the Defendants were without consent of the Plaintiff, were in violation of Plaintiff's rights and were likely to, and did, cause damage to the Plaintiff.

44.     The Defendants' use of Plaintiff's marks with Defendants' notice and claim to the public of Defendants' ownership of said marks was likely to cause confusion, or to cause mistake, or to deceive the consumer and did cause confusion and mistake.

45.     The Defendants' unauthorized use of Plaintiff's marks and wrongful claim of ownership of said marks was done willfully and knowingly in violation of Plaintiff's rights.

46.     The actions of the Defendants in using Plaintiff's marks and claiming ownership of those marks constitutes false designation of origin and false and misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the Defendants with the Plaintiff, or as to the origin, sponsorship, or approval of Defendants by the Plaintiff.

47.     The Defendants' use of the marks, and their wrongful claim of ownership of such marks, was done willfully and knowingly in violation of Plaintiff's rights.

48.     The Defendants' actions were committed with the purpose and intent of misappropriating and trading upon the goodwill and reputation associated with Plaintiff's marks.

49.     As a result, the Plaintiff's rights in and to the marks has been and is compromised and the Defendants have used the marks in a manner to unfairly compete with the Plaintiff.

50.     The Defendants' actions have caused Plaintiff to sustain monetary losses and other damage and injury.

51.     The Plaintiff is entitled to damages for the acts of unfair competition of the Defendants under 15 U.S.C. § 1117, the amount of which to be determined by an accounting and subject to proof at trial.

52.     The Defendants' actions have caused and will continue to cause irreparable damage, loss and injury to Plaintiff.

53.     The Plaintiff is also entitled to an award of treble damages for the Defendants' willful acts under 15 U.S.C. § 1117.

54.     The Defendants' conduct is wrongful, malicious, fraudulent, deliberate, willful and intentional, thereby making this case exceptional, and the Plaintiff is, therefore, entitled to recover costs of this action and attorneys fees under 15 U.S.C. § 1117.

## COUNT III
## SECTION 43(a) ADDITIONAL LANHAM ACT VIOLATIONS

55.     Plaintiff repeats and re-alleges the allegations set forth above in paragraphs 1 through 54 as if the same fully set forth at length herein.

56.     Defendants, in carrying out the acts and representations alleged above, made materially false, fraudulent, and/or malicious representations to Plaintiff's customers, prospective customers, and affiliates that Plaintiff's goods and/or services were of inferior quality and/or were not capable of meeting the specifications of Plaintiff's customers, and/or potential customers and that Plaintiff was paid monies for affiliates but failed or refused to pay said monies over to affiliates.

57.     The wrongful representations and acts by Defendants deceived, and/or had the capacity to deceive, a substantial segment of the recipients of such representations and/or acts.

58.     The wrongful representations and acts by Defendants were made in commercial advertising and promotion, and misrepresented the nature, characteristics and qualities of the Plaintiff's goods and services.

59.     These wrongful representations constitute false description and representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60.     Plaintiff has suffered injury to his reputation, loss of goodwill, and loss of trade as a result of Defendants' actions complained of in this Count.

61.     Plaintiff, Felt has suffered monetary damages because of his loss of trade.

62.     Plaintiff, felt has incurred and continues to incur attorneys' fees and costs in prosecuting this action.

## COUNT IV
## TRADE LIBEL (DEFAMATION)

63     Plaintiff repeats and re-alleges the allegations set forth above in paragraphs 1 through 62 as if the same fully set forth at length herein.

64.     Defendants have falsely and unfairly stated that Plaintiff, Felt was not tending to his business or servicing his customers and/or his marketing affiliates. Such false and unfair statements were stated in a manner calculated to imbue the recipient with the belief that Plaintiff, Felt was derelict in his business.

65.     The statements described above as false, were not statements of opinions, but of fact.

66.     Defendants have falsely and unfairly stated that the Plaintiff did not pay his respective vendors and/or affiliates.  Such statements were calculated to discourage vendors and affiliates from transacting business with the plaintiff.

67.     Defendants have falsely and unfairly implied dishonesty and unfair dealing by the Plaintiff by publishing the allegation that Plaintiff does not assist customers who return products or pay affiliates.

68.     By reason of the aforesaid acts, Plaintiff has lost prospective customers and affiliates and the terms of dealing with one or more vendors and/or affiliates have been

materially changed by the vendors/ affiliates, and/or the vendor's/ affiliate's relationship with the Plaintiff has been terminated, resulting in actual economic harm to the Plaintiff.

69.    Defendants defamed Plaintiff by making blatantly false statements to the general public, Plaintiff's customers, and other business contacts.

70.    Defendants were not privileged to publish their false oral and written statements.

71.    Defendants' defamatory actions have proximately caused damage to Plaintiff.

**COUNT V**
**WRONGFUL INTERFERENCE WITH PROSPECTIVE**
**CONTRACTUAL OR BUSINESS RELATIONSHIP**

72.    Plaintiff, Felt repeats and re-alleges the allegations set forth above in paragraphs 1 through 71 as if the same were fully set forth at length herein.

73.    Defendants have tortuously and wrongfully interfered with Plaintiff's prospective business and contractual relations with their vendors, affiliates, suppliers and customers by committing the independent tort of trade libel as alleged above in order to discourage prospective vendors, suppliers, affiliates, and customers from doing business with the Plaintiff.

74.    Defendants' actions resulted in Plaintiff losing prospective business relations with customers, vendors, affiliates, and other associates that Plaintiff would not have lost were it not for Defendants' wrongful conduct and tortuous interference.

75.    Plaintiff seeks to recover all damages proximately caused by this wrongful and tortuous interference.

76.    Additionally, Defendant, Tanya Howell in addition to Defendant, Jashin Howell and Mark Beck has tortuously and wrongfully interfered with Plaintiff's prospective business and contractual relations with vendors, affiliates, suppliers and customers by assuming the

position of member of Defendant, Agents following Plaintiff, Felt's intentionally wrongful removal as a member from Defendant' Agents.

77.    The Defendants' actions and/or omissions have resulted in Plaintiff, Felt sustaining financial harm and losing prospective business relations with customers, vendors, affiliates, and other associates that Plaintiff, Felt would not have lost were it not for Defendants' wrongful conduct and tortuous interference with Plaintiff, Felt's role as a member in Defendant, Agents.

78.    The funds that Defendants, Jashin Howell and Mark Beck wrongfully refused to forward funds otherwise owed to Plaintiff, Felt that were instead used by Defendants to launch other business ventures, including Defendants, Heath and Wellness Solutions, Inc.and NLiten, LLC, companies that are now in the business of selling nutritional products on the internet similar or identical to plaintiff's products and in ways that would not have been possible absent the wrongful withholding of funds by Defendants, of funds that were otherwise rightfully owed to Plaintiff Felt.

79.    Plaintiff seeks to recover all damages proximately caused by the wrongful and tortuous interference of the Defendants.

## COUNT VI
## BUSINESS DISPARAGEMENT

80.    Plaintiff repeats and re-alleges the allegations set forth above in paragraphs 1 through 79 as if the same fully set forth at length herein.

81.    Upon information and belief, Defendants have published false, disparaging words about Plaintiff's economic interests and status with malice and without privilege.  As a proximate cause of these publications, Plaintiff has been economically and specially damaged.

## COUNT VII
## BREACH OF FIDUCIARY DUTY
## AGAINST DEFENDANT, JASHIN HOWELL AND BECK

82.     Plaintiff, Felt repeats and re-alleges the general allegations set forth in paragraphs 1 through 81 as if the same were fully set forth at length herein.

83.     At all times relevant hereto, Defendant, Jashin Howell and Beck were/are managing members of Agents and LWL and were entrusted with managing member responsibilities.

84.     In respective writings, Defendants and/or their agents had, until the recent improper removal of Plaintiff, Felt as a member of Agents, represented that Plaintiff, Felt had been effectively elected as a member of Defendant, Agents and/or was entitled to the benefits and privileges thereby conferred.

85.     At all times relevant hereto, Defendants, Jashin Howell and Beck owed a fiduciary duty to Plaintiff, Felt.

86.     Upon information and belief, Defendants, Jashin Howell and Beck have breach their fiduciary duties, including by creating Defendant, Health and Wellness, Inc.and Defendant, Nliten in order to divert customers to those companies that Defendant Jashin Howell and Beck control and by conspiring with Defendant, Tanya Howell to improperly divert and/or transfer rights and assets of Agents to themselves and/or to Defendant, Tanya Howell without paying fair consideration to Plaintiff, Felt.

87.     Upon information and belief, Defendants, Jashin Howell and Beck have breach their fiduciary duties by forming Defendant, H& W and Defendant, Nliten and by diverting Plaintiff's customers to those newly formed companies that Defendants, Jashin Howell and Beck

control and from which said Defendants derive profits and other benefits to the detriment of Plaintiff, Felt.

88.     Upon information and belief, Defendants, Jashin Howell and Beck have breached their fiduciary duties by conspiring with Defendant, Tanya Howell to improperly divert and/or transfer rights and assets of Agents to themselves and/or to Defendant, Tanya Howell without paying fair consideration to Plaintiff, Felt.

89.     At all times relevant hereto, Defendants have engaged in dishonesty, incompetent management and self-dealing and thereby breached their fiduciary duties through the improper allocation of funds, improper distribution of funds, willful mismanagement and usurpation of Agents and of valuable property belonging to Plaintiff, Felt.

90.     At all times relevant hereto, Defendants have deprived Plaintiff, Felt of funds owed to Plaintiff, Felt in order to meet their own expenses of doing business for their own benefit.

91.     The conversion, diversion and use of Plaintiff, Felt's assets and the incurrence of debt in said manner as described herein significantly impairs the financial worth of Agents and of Plaintiff, Felt, served no legitimate business purpose.

92.     These and other acts by Defendants have caused injury to Plaintiff's ownership interests, profits, and property rights and significantly damaged Plaintiff's reputation in the community.

93.     Said Defendants by reason of their intentional acts/omissions and/or by reason of their incompetence have intentionally obstructed Plaintiff from the performance of essential services to his customers.

94.     As fiduciaries, Defendant, Jashin Howell and Beck owed a duty of complete candor, loyalty and fair dealing to Plaintiff. The respective defendants have breached said duties as described above.

## COUNT VIII
## ACCOUNTING

95.     Plaintiff, Felt, repeats and re-alleges the general allegations set forth in paragraphs 1 through 94 as though the same were fully set forth at length herein.

96.     In respective writings, defendants and/or their agents have represented that Plaintiff had been effectively elected a member of Agents and/or is entitled to the benefits and privileges thereby conferred.

97.     At all times relevant hereto, Defendants owed a fiduciary duty to Plaintiff, Felt.

98.     Plaintiff, Felt was induced by defendants to invest time and money and thereby obtain an ownership interest in Agents.

99.     These defendants have exclusive knowledge and control of the assets, expenditures and transfers made by or in connection with Agents.

100.    Upon information and belief, rights and or assets which should be joined in the Agents have been diverted or transferred by the defendants without fair consideration.

101.    Plaintiff has demanded disclosure of the various transactions conducted by defendants. Defendants have failed and refused to disclose same.

102.    Plaintiff lacks an adequate remedy at law.

103.    An accounting is required to determine the further rights of the Plaintiff.

**WHEREFORE,** Plaintiff requests judgment against defendants for an accounting.

## PRAYER FOR RELIEF AS TO ALL COUNTS

**WHEREFORE,** as to all counts, Plaintiff respectfully request the Court enter final judgment against Defendants, and in favor of Plaintiff for all of his actual damages, exemplary damages, attorneys' fees, prejudgment and post judgment interest, costs of court, and all other just relief, including but not limited to the following:

(a)     That Defendants be required to pay Plaintiff actual damages and lost sales suffered by Plaintiff by reason of Defendants' illegal conduct, as well as any profits of Defendants that are attributable to Defendants' unfair competition, dilution and cyber squatting not taken into account in computing the actual damages;

(b)     Exemplary and/or treble damages as determined at trial, which should be a multiple of the actual damages;

(c)     Attorneys' fees and costs pursuant to 15 USC §1117.

(d)     All prejudgment and post judgment interest allowed by law or equity.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED this 9th day of May, 2006.

Respectfully submitted,

T. THADDEUS MARSHALL, ESQUIRE
FLORIDA BAR #: 801305
MARSHALL LAW GROUP, P.A.
601 CLEVELAND STREET, SUITE 360
CLEARWATER, FL 33755
ATTORNEY FOR PLAINTIFFS

## Arizona Corporation Commission

04/28/2006                  State of Arizona Public Access System                  9:08 AM

Corporate Inquiry

**File Number:** -1155527-7   **DELINQUENT PUBLICATION**
12/09/2005

Check Corporate Status

**Corp. Name: LIFE WITHOUT LIMITS INC.**

### Domestic Address

UNDELIVERABLE DOMESTIC ADDRESS

3363 N REYNOLDS
MESA, AZ 85215

### Statutory Agent Information

**Agent Name:** TIM LIGGET

**Agent Mailing/Physical Address:**

3363 N REYNOLDS
MESA, AZ 85215

**Agent Status:** APPOINTED 02/22/2005
**Agent Last Updated:** 02/23/2006

### Additional Corporate Information

**Corporation Type:** BUSINESS
**Incorporation Date:** 02/22/2005          **Corporate Life Period:** PERPETUAL
**Domicile:** ARIZONA                      **County:** MARICOPA
**Approval Date:** 02/22/2005              **Original Publish Date:**
**Status:** DELINQUENT PUBLICATION         **Status Date:** 12/09/2005

EXHIBIT 1

**Annual
Reports**

## Arizona Corporation Commission
**04/28/2006**          ## State of Arizona Public Access System          9:08 AM

**File Number: -1155527-7   DELINQUENT PUBLICATION**
**12/09/2005**

| Check Corporate Status |

**Corp. Name: LIFE WITHOUT LIMITS INC.**

### Domestic Address

UNDELIVERABLE DOMESTIC ADDRESS

3363 N REYNOLDS

MESA, AZ 85215

### Statutory Agent Information

**Agent Name: TIM LIGGET**

**Agent Mailing/Physical Address:**

3363 N REYNOLDS

MESA, AZ 85215

**Agent Status: APPOINTED 02/22/2005**

**Agent Last Updated: 02/23/2006**

### Additional Corporate Information

| | |
|---|---|
| | Corporation Type: BUSINESS |
| Incorporation Date: 02/22/2005 | Corporate Life Period: PERPETUAL |
| Domicile: ARIZONA | County: MARICOPA |
| Approval Date: 02/22/2005 | Original Publish Date: |
| Status: DELINQUENT PUBLICATION | Status Date: 12/09/2005 |

**Annual**
**Reports**

riz. Corp. Comm. -- Corporations Division          http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-d..

## Arizona Corporation Commission

**05/03/2006**          ## State of Arizona Public Access System          **7:56 AM**

Corporate Inquiry

**File Number: L-1019298-3**                     | Check Corporate Status |

**Corp. Name: AGENT'S CHOICE, LLC**

### Domestic Address

2824 N POWER RD STE 113-377

MESA, AZ  85215

### Statutory Agent Information

**Agent Name:  JASHIN HOWELL**

**Agent Mailing/Physical Address:**

2824 N POWER RD STE 113-377

MESA, AZ  85215

**Agent Status:** APPOINTED 02/15/2002

**Agent Last Updated:** 01/06/2006


$E X H I B I T \; 2$

riz. Corp. Comm. -- Corporations Division                    http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-d..

## Officer and Director Information

**Name:** JASHIN L HOWELL

**Title:** MEMBER

**Address:** 110 E ELLIS DR

TEMPE, AZ 85282-

**Date Assigned:** 02/15/2002          **Last Updated:** 03/01/2002

**Name:** TANYA HOWELL

**Title:** MEMBER

**Address:** 2824 N POWER RD #113-337

MESA, AZ 85215

**Date Assigned:** 10/11/2005          **Last Updated:** 10/21/2005

## Additional Corporate Information

**Corporation Type:** DOMESTIC L.L.C.

**Incorporation Date:** 02/15/2002

**Corporate Life Period:** PERPETUAL

**Domicile:** ARIZONA

**County:** MARICOPA

**Approval Date:** 02/15/2002

**Original Publish Date:** 07/01/2002

## Annual Reports

**No Annual Reports on File**

## Scanned Documents

**(Click on gray button to view document)**

| Document Number | Description | Date Received |
|---|---|---|
| 01542431 | PUB OF AMENDED ARTICLES OF ORGANIZATION | 04/05/2006 |

## Amendments

| Amendment Date | Amendment Type | Publish Date | Publish Exception |
|---|---|---|---|
| 10/11/2005 | NAME CHANGE | 04/05/2006 | |

of 3                                                        5/3/2006 10:59 AM

Ariz. Corp. Comm. — Corporations Division        http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-d..

## Name Changes / Mergers

| Description | Corporation Name | Date |
|---|---|---|
| CHANGED FROM | AGENTS CHOICE GLASS LLC | 10/11/2005 |

## Microfilm

| Location | Date Received | Description |
|---|---|---|
| 1-1510-004-043 | 02/15/2002 | ARTICLES OF ORGANIZATION |
| 2-0306-043-026 | 07/01/2002 | PUBLICATION OF ARTICLES OF ORGANIZATION |
| 1-1731-029-005 | 10/11/2005 | AMENDMENT |

## Comments

EXP AMD AND NC TO AGENT'S CHOICE LLC ON 10/11/05

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **Return to STARPAS Main Menu**
- **Return to A.C.C. Corporations Division Main Page**
- **Return to Arizona Corporation Commission Home Page**

Ariz. Corp. Comm. – Corporations Division

# Arizona Corporation Commission
## State of Arizona Public Access System

4/28/2006

8:50 AM

Corporate Inquiry

**File Number: R-1240483-4**

Check Corporate Status

**Corp. Name: HEALTH AND WELLNESS SOLUTIONS, LLC**

### Domestic Address
2824 N POWER #113-137

MESA, AZ 85215

### Foreign Address
2575 E CAMELBACK #412

PHOENIX, AZ 85016

### Statutory Agent Information
**Agent Name:** JASHIN HOWELL

**Agent Mailing/Physical Address:**

2824 N POWER #113-137

MESA, AZ 85215

**Agent Status:** APPOINTED 11/07/2005

**Agent Last Updated:** 11/15/2005

EXHIBIT 3

Ariz. Corp. Comm. -- Corporations Division

## Officer and Director Information

**Name:** JASHIN L HOWELL

**Title:** MEMBER

**Address:** 2824 N POWER #113-377

MESA, AZ 85214

**Date Assigned:** 11/07/2005    **Last Updated:** 11/15/2005

**Name:** MARK J BECK

**Title:** MEMBER

**Address:** 190 QUAIL WY

LOGAN, UT 84321

**Date Assigned:** 11/07/2005    **Last Updated:** 11/15/2005

## Additional Corporate Information

**Corporation Type:** FOREIGN L.L.C.

**Incorporation Date:** 11/07/2005    **Corporate Life Period:**

**Domicile:** UTAH    **County:** MARICOPA

**Approval Date:** 11/07/2005    **Original Publish Date:**

## Annual Reports
### No Annual Reports on File

## Scanned Documents
### (Click on gray button to view document)

| Document Number | Description | Date Received |
|---|---|---|
| 01372355 | APPLICATION FOR REGISTRATION | 11/07/2005 |

- **Corporate Name Search Instructions**
- **General Web Site Usage Instructions**
- **Return to STARPAS Main Menu**
- **Return to A.C.C. Corporations Division Main Page**
- **Return to Arizona Corporation Commission Home Page**

**ARIZONA CORPORATION COMMISSION**
**CORPORATION DIVISION**
**SUBMISSION COVER SHEET**

Important: USE A SEPARATE COVER sheet for each document.
Please Select AND Complete all the Appropriate Sections 1 through 10:

Regarding (Name/proposed name for Corp./LLC):

1. Type in Name: _Health and Wellness Solutions, LLC_

2. **Filing Type :** (Select Only One)
   - [ ] Articles of Domestication ............... $100.00
   - [ ] Articles of Incorporation (P) ............. $ 60.00
   - [ ] Articles of Incorporation (NP) ........... $ 40.00
   - [ ] Articles of Organization ................. $ 50.00
   - [ ] Application to Transact Business (B) .... $175.00
   - [ ] Application to Conduct Affairs (NP) .... $175.00
   - [ ] Application for New Authority .......... $175.00
   - [X] Application for Registration ........... $150.00
   - [ ] Articles of Amendment ................. $ 25.00
   - [ ] Articles of Amendment & Restatement ... $ 25.00
   - [ ] Articles of Correction ................. $ 25.00
   - [ ] Articles of Merger/Share Exchange ...... $100.00
   - [ ] Affidavit of Publication .................. No Fee
   - [ ] Other: _____

3. **Extras:**
   - [ ] Certified Copies ( ) (Qty @ $5 each for Corps.
   - [ ] Certified Copies ( ) (Qty @ $10 each for LLC's
   - [ ] Good Standing Certificate ( ) (Qty @ $10 ea.)
   - [ ] Expedite Good Standing ($35 extra)
   - [ ] Expedite Certified Copies ($35 extra)

4. **Processing Type** (Select One)
   - [X] Expedited ($35.00) (Priority service. Additional Fee Per Document) Completed as soon as possible. View current processing times at www.cc.state.az.us/corp
   - [ ] Regular View current processing times at www.cc.state.az.us/corp

5. **Select Payment type:**
   - [X] Check Amt _125.00_ Check #
   - [ ] Cash Amt _____
   - [ ] MOD Amt _____ MOD $ _____
   - [ ] No fee required
   - [ ] See attached distribution of funds instructions

6. Total Payment Type Entered $ 0.00

RECEIVED

NOV 0 7 2005

ARIZONA CORP COMMISSION
CORPORATIONS DIVISION

7. Other Special Instructions: _____

8. **SELECT ONE RETURN DELIVERY OPTION :**
   [X] Mail   [ ] Pick Up   [ ] Fax # ( )

9. The following individual should be called to pick up completed documents:
   Name/Service Co: _____   Phone: ( )

10. Please respond promptly to phone messages. Documents will be mailed if they are not picked up in a timely manner - approximately two weeks. In that event, the documents should be mailed to the following address:
    Firm Name: _Health and Wellness Solutions_  Attn: _Jeshua Howell_
    Address: _2924 N. Power #113-137_
    City, State, Zip: _MesA, Az 85215_

CPCVR
REV 08/2003  1300 WEST WASHINGTON, PHOENIX, ARIZONA 85007-2929 / 400 WEST CONGRESS STREET, TUCSON, ARIZONA 85701-1347
www.cc.state.az.us – 602-542-3199

http://images.azcc.gov/scripts/cgi/dwispart2.pl?COMMAND=4&SES.

6. Check which management structure will be applicable to your company. Provide name, title and address for each person.

**6.**  **Management**

☐  Management of the limited liability company is vested in a manager or R1240483.4 managers. The names and addresses of each person who is a manager AND each member who owns a twenty percent or greater interest in the capital or profits of the limited liability company are:

Name: Mack J. Beck          Jashin L. Howell
[X] member [ ] manager      [ ] member [ ] manager
Address: 190 Quail Way      2824 N. Power #113-377

City, State, Zip: Logan UT 84321    Mesa, Az 85215

Attach a certificate of existence or document of similar import duly authenticated (within sixty (60) days) by the official having custody of corporate records in the state, province or country under whose laws the corporation is incorporated (AZ Comp. Art. XIV, §8).

[ ] member [ ] manager      [ ] member [ ] manager

[X]  Management of the limited liability company is reserved to the members. The names and addresses of each person who is a member are:

Mark J. Beck          Jashin L. Howell
[ ] member            [ ] member
190 Quail Way         2824 N. Power #113-377

Your fax and phone number is optional.

Logan, UT 84321      Mesa, Az. 85215

7. If the jurisdiction under the law of which your company is formed, you must provide the address of the principle office of the company, in whatever state or jurisdiction it is located.

[ ] member            [ ] member

PHONE _____  FAX _____

**7.**  The address of the office required to be maintained in the jurisdiction under the laws of which the company is organized, if required, or, if not required, or if not required, the address of the principal office of the company is:

2575 E. Camelback #412

The application must be signed by a member, manager or duly authorized agent.

Mesa Phoenix, Az. 85016

Executed this 7th day of November 2005

See A.R.S. §29-601 et seq. for more info.

(signature)

L110693 Rev. 09/04

Jashin Howell
[Print Name]    (Check One) [X] Member ☐ Manager ☐ Authorized Agent

http://images.azcc.gov/scripts/cgi/dwispart2.pl?COMMAND=4&SE

**ARIZONA CORPORATION COMMISSION**
**CORPORATIONS DIVISION**
**SUBMISSION COVER SHEET**

Important: USE A SEPARATE COVER sheet for each document.
Please Select AND Complete all the Appropriate Sections 1 through 10:

Recording /Reimbursement terms for Corp./LLC:

1. **Type in Name:** Health and Wellness Solutions, LLC

2. **Filing Type:** (Select Only One)
   - Articles of Domestication .......... $100.00
   - Articles of Incorporation (P) ....... $60.00
   - Articles of Incorporation (NP) ...... $40.00
   - Articles of Organization ........... $50.00
   - Application to Transact Business (B) ... $175.00
   - Application to Conduct Affairs (NP) .. $175.00
   - Application for New Authority ...... $175.00
   - ☑ Application for Registration ...... $150.00
   - Articles of Amendment ............. $25.00
   - Articles of Amendment & Restatement . $25.00
   - Articles of Correction ............. $25.00
   - Articles of Merger/Share Exchange ... $100.00
   - Affidavit of Publication ........... No Fee
   - Other:

4. **Processing Type** (Select One)
   - ☑ Expedited ($35.00) (Priority service. Additional Fee Per Document) Completed as soon as possible. View current processing times at www.cc.state.az.us/corp
   - Regular  View current processing times at www.cc.state.az.us/corp

5. **Select Payment type:**
   - ☑ Check Amt 125. Check #
   - Cash Amt
   - MOD Amt          MOD #
   - No fee required
   - See attached distribution of funds instructions

3. **Copies**
   - Certified Copies ($.50 each for Corps.)
   - Certified Copies ($.50 each for LLC's)
   - Good Standing Certificate ($10.00 each)
   - Expedite Good Standing ($35 extra)
   - Expedite Certified Copies ($35 extra)

6. **Total Payment Type Entered** $ 9.50

**RECEIVED**
**NOV 0 7 2005**
ARIZONA CORP. COMMISSION
CORPORATIONS DIVISION

7. **Other Special Instructions:**

8. **SELECT ONE RETURN DELIVERY OPTION :**
   ☑ Mail   ☐ Pick Up   ☐ Fax #

9. **The following individual should be called to pick up completed documents:**
   Name/Service Co:                    Phone: (   )

(FOR AGENCY USE ONLY, fill out ME in this box)

10. Please respond promptly to phone messages. Documents will be mailed if they are not picked up in a timely manner - approximately two weeks. In that event, the documents should be mailed to the following address:
   Firm Name: Health and Wellness Sol. Attn: Joshua Howell
   Address: 2924 N. Power #113-127
   City, State, Zip: Mesa, Az. 85215

DO NOT WRITE
THIS SECTION

1. The company
name must contain
an ending which
may be "limited
liability
company,"
"limited
company," or the
abbreviations
"L.L.C.", "L.C.",
"LLC" or "LC". If
you are the
holder or
assignor of a
trademark or
tradename, attach
Declaration of
Trademark Holder
form. If your
name is not
available for use
in Arizona, you
must adopt a
fictitious name
and provide a
resolution
adopting the
name, which must
be signed by a
manager, member
or authorized
agent.

2. Provide the
name of the state
or jurisdiction
under whose laws
your company was
formed.

3. Provide the
date on which
your company
organized in the
state or
jurisdiction
under whose laws
it was formed.

4. Provide the
general character
of business you
plan to transact
in Arizona.

5. The statutory
agent must
provide a street
address. If
statutory agent
has a P.O. Box,
then they must
also provide a
street
address/location.

The agent must
consent to the
appointment by
executing the
consent.

AZ CORPORATION COMMISSION
FILED

NOV 07 2005

FILE NO. R12404834

AZ Corp. Commission

01372355

### APPLICATION FOR REGISTRATION OF A FOREIGN LIMITED LIABILITY COMPANY

The name of the foreign limited liability company is:

Health and Wellness Solutions, LLC

1.a. If the exact name of the foreign limited liability company is not available for use in this state, then the fictitious name adopted for use by the limited liability company in Arizona is:

Fatolife, LLC At _____ (FN)

2. The company is organized under the laws of: Utah
(State)

3. The date of the company's formation is: May 19, 2005

4. The purpose of the company or the general character of business it proposes to transact in Arizona is:

Retail sales of Nutritional Supplements

5. The name and street address of the statutory agent for the foreign limited liability company in Arizona is:

Joshua Howell
2824 N. Power #113-157
Mesa, Az 85215

### ACCEPTANCE OF APPOINTMENT BY STATUTORY AGENT

I, Joshua Howell _____, having been designated to act as statutory
(Print Name)
agent, hereby consent to act in that capacity until removed or resignation is submitted in
accordance with the Arizona Revised Statutes.

_____
[Signature]

Health and Wellness At
[If signing on behalf of a company serving as
statutory agent, print company name here]



**Utah Department of Commerce**
Division of Corporations & Commercial Code
160 East 300 South, 2nd Floor, PO Box 146705
Salt Lake City, UT 84114-6705
Service Center: (801) 530-4849
Toll Free: (877) 526-3994 Salt Lake Area
Fax: (801) 530-6438
Web Site: http://www.commerce.utah.gov

11/04/2005
5914584-0160110422306-458537

# CERTIFICATE OF EXISTENCE

**Registration Number:** 5914584-0160
**Business Name:** HEALTH AND WELLNESS SOLUTIONS, LLC
**Registered Date:** May 19, 2005
**Entity Type:** Limited Liability Company
**Current Status:** Good Standing

The Division of Corporations and Commercial Code of the State of Utah, custodian of the records of business registrations, certifies that the business entity on this certificate is authorized to transact business and was duly registered under the laws of the State of Utah. The Division also certifies that this entity has paid all fees and penalties owed to this state; its most recent annual report has been filed by the Division; and, that Articles of Dissolution have not been filed.



*Kathy Berg*

Kathy Berg
Director
Division of Corporations and Commercial Code

Page 1 of 1

# Arizona Corporation Commission

## State of Arizona Public Access System

**File Number: L-1254099-0**    | Check Corporate Status |

**Corp. Name: NLITEN INTERNATIONAL, LLC**

## Domestic Address

2824 N POWER #113-377

MESA, AZ 85215

## Statutory Agent Information

**Agent Name:  JASHIN HOWELL**

**Agent Mailing/Physical Address:**

2824 N POWER #113-377

MESA, AZ 85215

**Agent Status:** APPOINTED 03/31/2006

**Agent Last Updated:** 04/10/2006

$EXHIBIT\ 4$

# Officer and Director Information

| | |
|---|---|
| **Name:** | BRIGHT IDEA FARM LLC |
| **Title:** | MEMBER |
| **Address:** | 2079 N POINTE ALEXIS |
| | TARPON SPRINGS, FL 34689 |
| **Date Assigned:** 03/31/2006 | **Last Updated:** 04/10/2006 |

| | |
|---|---|
| **Name:** | FIVE WORD INC |
| **Title:** | MEMBER |
| **Address:** | 2533 N CARSON ST #6162 |
| | CARSON CITY, NV 89706 |
| **Date Assigned:** 03/31/2006 | **Last Updated:** 04/10/2006 |

| | |
|---|---|
| **Name:** | LIFE WITHOUT LIMITS INC |
| **Title:** | MEMBER |
| **Address:** | 2533 N CARSON ST #6162 |
| | CARSON CITY, NV 89706 |
| **Date Assigned:** 03/31/2006 | **Last Updated:** 04/10/2006 |

# Additional Corporate Information

| | |
|---|---|
| | **Corporation Type:** DOMESTIC L.L.C. |
| **Incorporation Date:** 03/31/2006 | **Corporate Life Period:** PERPETUAL |
| **Domicile:** ARIZONA | **County:** MARICOPA |
| **Approval Date:** 03/31/2006 | **Original Publish Date:** |

# Annual Reports

**No Annual Reports on File**

# Scanned Documents

**(Click on gray button to view document)**

| Document Number | Description | Date Created |
|---|---|---|
| 01525162 | ARTICLES OF ORGANIZATION | 03/31/2006 |

Goliath                                                                    00000000000              p.1

MAR 22 2005 1:45PM   |   LASERJET 3200                                                    p. 1
   03/22/2005   09:59   2537957                                              PAGE   01

## Agent's Choice LLC DBA Marqi Fitness Members Agreement

Agreement dated this 16 March, 2005, between Life Without Limits, Inc, (hereinafter "'LWL'") located at 2624 N. Power Rd Ste #113 PMB 377, Mesa, AZ, 85215 and Brock Felt located at 207 S. Bisston, Tarpon Springs, FL 34689 (hereinafter "BF"), and Mark Beck (hereinafter "MB") located at 190 Quail Way Logan, Utah 84321.

NOW THEREFORE, IN CONSIDERATION OF the mutual promises contained herein, "LWL", "BF", and "MB" agree as follows:

### I     General Terms

Are jointly going to own and operate Agent's Choice, LLC DBA Marqi Fitness (hereafter "MF").   Business activities will include providing nutritional supplements, fitness equipment, fitness profiles and programs, educational forums for healthy living, and a member's site for a community of like minded health conscious individuals.

### II    "LWL" Responsibilities

"LWL" will provide all business accounts, legal contracts, tax and accounting, and investment opportunities.  "LWL" will also seek to find and create content for the websites and assist in any capacity directed by the members.  Assist in developing or finding 2nd and 3rd level products.

### III   "BF" Responsibilities

"BF" will provide the marketing and advertising of "MF", i.e. internet marketing, website construction, copywriting, hosting and technical support and advertising expenditures necessary to market said products.

### IV    "MB" Responsibilities

"MB" will provide the contacts for the Lab, Bio-Chemist, Europe and Foreign markets. "MB" will also assist in creating content for the websites and assist in any other capacity directed by the members.  Develop 2nd and 3rd level products.

### V     General Release

All parties agree that "LWL", "BF", and "MB" shall have no liability for any acts or omissions of each individual member and shall indemnify such parties from any and all claims that may arise from their business.

Steven _____ Chrysler Jeep _____ Page 1

EXHIBIT 5

**VI    Notice**

Any notice shall be deemed to be fully given, if, in writing and mailed by certified mail, return receipt requested, to the other party at the address specified.

**VII    Entire Agreement** - This Agreement contains the entire agreement of the parties.

**VIII   Confidentiality**

See the Addendum #1

**IX    Ownership**

- **"BF" 60%**
- **"LWL" 20%**
- **"MB" 20%**

**X    Governing Laws**

This Agreement, the rights and obligations of the parties under this Agreement shall be governed by and construed in accordance with the laws of the State of Arizona. All parties agree to jurisdiction in the State of Arizona, Maricopa County. All parties agree to binding arbitration in lieu of court proceedings. The prevailing party will be entitled to all costs associated with enforcing this agreement.

Life Without Limits, Inc.

BY: Jashin Howell                          BY:  Brock Felt

BY: Mark Beck

Steve Christy Chrysler Jeep Repair Shop Agreement page 2

to any of "BF"'s Confidential Information; or (iv) information which Disclosee reasonably demonstrates has become generally known in the trade or by the public either prior to or subsequent to "BF"'s disclosure hereunder through no fault of Disclosee.

2. Nondisclosure. Disclosee agrees to hold the Confidential Information in strict confidence and not to (a) disclose the Confidential Information to any third parties, (b) use the Confidential Information for any commercial purposes without the prior written permission of "BF", (c) use the Confidential Information for the benefit of anyone other than "BF"; or ( d) otherwise use the Confidential Information in a manner detrimental to "BF". Disclosee shall take commercially reasonable security precautions to prevent wrongful disclosure or use of the Confidential Information. Disclosee may disclose the Confidential Information to its authorized employees only on a need-to-know basis provided that the authorized employee agrees in writing not to disclose such Confidential Information to any third parties. Disclosee understands that all Confidential Information is important, unique, and materially affects "BF"'s goodwill and success in conducting its business activities.

3. Copies. Disclosee agrees that it will not make copies of any documents containing Confidential Information, except on a need-to-know basis. Disclosee will not disasse"MB"le or reverse engineer any materials, items, products provided to it by or on behalf of "BF".

4. Notice of Misappropriation. Disclosee will promptly inform "BF" in writing of any misappropriation, unauthorized use, or disclosure of the Confidential Information and will cooperate with "BF" in every reasonable way to prevent further disclosure and to regain possession of the misappropriated Confidential Information.

5. No License. Disclosee recognizes and agrees that "BF" is the sole owner of its Confidential Information and that nothing contained in this Agreement shall be construed as granting any rights, by license or otherwise, to Disclosee with respect to the Confidential Information or other information or materials disclosed to Disclosee.

6. General Provisions. A waiver by "BF" of a breach of any term or condition of this Agreement shall not constitute a waiver of any further breach of a term or condition of this Agreement and no such waiver shall be effective unless in writing signed by all parties. This Agreement contains the entire agreement and supersedes all prior agreements and negotiations relating to the subject matter of this Agreement, whether oral or written, between the parties. No promise, representation, warranty, or covenant not included in this Agreement has been or is relied upon by either party. Each party has relied upon its own examination of the full Agreement and the provisions thereof, and the warranties, representations, and covenants expressly contained in the Agreement itself. No modification or amendment of this Agreement shall be of any force or effect unless in writing executed by both the parties. This Agreement shall be construed in accordance with and its performance shall be governed by the laws of the State of Arizona, notwithstanding the choice of law rules of such State. If anyone or more provisions of this Agreement shall be found to be illegal or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. The paragraph headings used herein are for the convenience of the parties and shall not be deemed to modify or construe the provisions hereof. If either party defaults in the performance of its obligations under this Agreement, then the

2

Goliath                                            00000000                    p.4
MAR 22 2005 1:49PM      LASERJET 3200                              p.5
  03/22/2005  09:59   2537957                                PAGE  05

defaulting party agrees to pay reasonable costs and attorneys' fees to enforce this
Agreement. This Agreement shall be binding upon and shall inure to the benefit of the
heirs and personal representatives and/or the successors and assigns of the parties. Both
parties shall not assign this Agreement in whole or in part without the prior written
consent of the other party.

**WITNESS WHEREOF,** the parties hereto have caused this Agreement to be duly
executed as of the Effective Date.

Effective Date:    21st day of March, 2005 (and retroactive to previous meetings and
communications)

"BF"

BY:  Brock Felt

"MB"

BY:  Mark Beck

"JH"

BY:  Jashin Howell

3

## Arizona Corporation Commission
### State of Arizona Public Access System

6:19 AM

| Corporate Inquiry |
|---|
| **File Number: L-1019298-3** |
| **Corp. Name: AGENTS CHOICE GLASS LLC** |

### Domestic Address

| |
|---|
| 51 W 3RD ST #201 |
| TEMPE, AZ 85281 |

### Statutory Agent Information

| |
|---|
| **Agent Name: JASHIN HOWELL** |
| |
| **Agent Mailing/Physical Address:** |
| 110 E ELLIS DR |
| TEMPE, AZ 85282 |
| |
| **Agent Status: APPOINTED 02/15/2002** |
| **Agent Last Updated: 02/26/2002** |

### Officer and Director Information

| | |
|---|---|
| **Name:** | JASHIN L HOWELL |
| **Title:** | MEMBER |
| **Address:** | 110 E ELLIS DR |
| | TEMPE, AZ 85282- |
| **Date Assigned: 02/15/2002** | **Last Updated: 03/01/2002** |
| | |
| **Name:** | BROCK A FELT |
| **Title:** | MEMBER |
| **Address:** | 750 W BASELINE RD |
| | TEMPE, AZ 85283 |
| **Date Assigned: 02/15/2002** | **Last Updated: 02/26/2002** |
| | |

EXHIBIT 6